THE SUNTAG LAW FIRM
A Professional Corporation
DANA A. SUNTAG (California State Bar No. 125127)
LORIS L. BAKKEN (California State Bar No. 215033)
The Kress Building
20 North Sutter Street, Fourth Floor
Stockton, California 95202
Telephone: (209) 943-2004
Facsimile: (209) 943-0905

Attorneys for Chapter 7 Trustee
ERIC J. NIMS

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:

ROBERT CLYDE JENNISON and
KATHLEEN TANYA JENNISON,

Debtors.

NO: 12-34007-C-7

DC No.: SLF - 5

**CHAPTER 7 TRUSTEE'S MOTION FOR AUTHORIZATION TO SELL REAL PROPERTY**

Date: May 7, 2013
Time: 9:30 a.m.
Place: Department C
The Honorable Christopher M. Klein

CHAPTER 7 TRUSTEE'S MOTION
FOR AUTHORIZATION TO
SELL REAL PROPERTY

1

Chapter 7 Trustee Eric J. Nims moves for authorization to sell the real property and improvements located at 522 Sycamore Place, Manteca, California 95336 (the "Property"). The Trustee believes this relief is appropriate and the sale of the Property is in the best interests of the creditors and that this Court should approve it pursuant to Bankruptcy Code Section 363(b).

The Trustee represents the following:

A.　Background Facts.

1.　The Debtors filed this case on July 31, 2012. Eric J. Nims was appointed Chapter 7 Trustee.

2.　In their schedules, the Debtors disclosed the Property and valued it at $105,029.00, subject to a lien of $105,029.00. The Debtors did not claim an exemption in the Property.

3.　The Trustee obtained a preliminary title report on the Property that showed a deed of trust in the original amount of $143,000.00 held by Wells Fargo Home Mortgage, Inc. (the "Wells Fargo Lien"). (Nims Decl., ¶ 2, Ex. A).

4.　The Trustee contacted Bob Brazeal of PMZ Real Estate and asked him to perform a preliminary analysis of the fair market value of the Property. Mr. Brazeal determined that the Property is worth approximately $149,950.00. (Brazeal Decl., ¶ 2).

5.　Mr. Nims filed an application to employ Mr. Brazeal, and, on March 24, 2013, the Court entered a Minute Order authorizing the employment of Mr. Brazeal to market and sell the Property.

6.　On March 19, 2013, the Trustee contacted Wells Fargo and learned from its automated phone service that the loan balance on the Wells Fargo Lien is $101,147.78. (Nims Decl., ¶ 3).

7.　The Trustee believes there is equity in the Property and a sale of the Property is the best method of liquidating it for the benefit of the estate. (Nims Decl., ¶ 4).

8.　Mr. Brazeal listed the Property for sale for $149,950.00. (Brazeal Decl., ¶ 3).

9.    Mr. Brazeal listed the Property on the regional Multiple Listing Service for sale for $149,950.00 (Brazeal Decl., ¶ 4).

10.    Mr. Brazeal also placed the Property for sale on all the leading Internet search sites, including Yahoo!, Google, Zillow, Trulia, Realtor.com, Redfin, and others. He also advertised the Property for sale in the Modesto Bee. He also installed a "For Sale" sign at the Property. (Brazeal Decl., ¶ 5).

B.    <u>The Proposed Sale</u>.

11.    On March 9, 2013, the Trustee, through Mr. Brazeal, received an offer from Kathleen A. Mozzetti ("Mozzetti") and Viola Davis ("Davis") to purchase the Property for $155,000.00. On March 11, 2013, the Trustee made a counteroffer to Mozzetti and Davis with the following proposed terms: (1) increasing the initial deposit to $3,000.00; (2) conditioning acceptance on U.S. Bankruptcy Court approval and possible overbid; (3) escrow to close within 20 days of court approval; (4) Property is to be sold in as-is condition with no further expense to the seller; and (5) removing the "Arbitration" provision from the contract. On March 11, 2013 Mozzetti and Davis accepted the counteroffer in writing. Under the terms of the agreement, Mozzetti and Davis agreed to buy the Property for $155,000.00, free and clear of the Wells Fargo Lien, on an "AS IS" basis without warranties (the "Agreement"). (Brazeal Decl., ¶ 6, Nims Decl., ¶ 5, Ex. B).

12.    The Trustee will pay the Wells Fargo Lien from the proceeds of the sale, through escrow. (Nims Decl., ¶ 6).

13.    Neither the Trustee nor his professionals have any relationship with Mozzetti or Davis. (Nims Decl., ¶ 7; Brazeal Decl., ¶ 7).

14.    The Agreement is conditional on Bankruptcy Court approval of this Motion and the Trustee is amenable to overbidding at the hearing on terms that are agreeable to this Court. (Nims Decl., ¶ 8).

CHAPTER 7 TRUSTEE'S MOTION
FOR AUTHORIZATION TO    3
SELL REAL PROPERTY

15. The Trustee believes the sale of the Property is in the best interests of the estate and its creditors and that this Court should approve it pursuant to Bankruptcy Code Section 363(b). (Nims Decl., ¶ 9).

WHEREFORE, the Trustee respectfully requests that the Court authorize the sale of the Property on the terms set forth in this Motion and in the Agreement, and that it grant such other relief as is just and proper.

Dated: April 3, 2013

THE SUNTAG LAW FIRM
A Professional Corporation

By: /s/ Dana A. Suntag
    DANA A. SUNTAG
    Attorneys for Chapter 7 Trustee
    ERIC J. NIMS

CHAPTER 7 TRUSTEE'S MOTION
FOR AUTHORIZATION TO
SELL REAL PROPERTY

4